**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

CHRISTIAN S.,

*Plaintiff*,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MUSARUBRA US, LLC,

*Defendants*.

---

# COMPLAINT

---

Plaintiff, Christian S., herein sets forth the allegations of this Complaint against Defendants Cigna Health and Life Insurance Company ("Cigna") and Musarubra US, LLC ("Musarubra").

## PRELIMINARY ALLEGATIONS

## JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502 (a) (1) (B) and Section 502 (a) (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a) (1) (B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331, as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights, and for the purpose of seeking equitable relief as set

forth below and may be fashioned by the court in its discretion under the terms of an employee benefit plan.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendants' improper denials of Plaintiff's claims; prejudgment and post-judgment interest; general and special damages; attorneys' fees and costs; surcharge; and other equitable relief that is appropriate based on the alleged misconduct at issue herein.

**PARTIES**

4. Plaintiff Christian S. is, and at all times relevant was, a resident and domiciliary of the state of Colorado.

5. Plaintiff Christian S. brings this action on behalf of their minor child, J.S. Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), the minor child's identity is confidential and protected. Accordingly, this Complaint refers to the minor child solely by the initials "J.S." to protect their privacy and identity.

6. At all relevant times, Plaintiff Christian S. participated in the Musarubra US LLC Employee Benefit Plan ("the Plan"), a self-funded benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by his employer and Defendant Musarubra.

7. Defendant Cigna is a health insurer authorized to transact and currently transacting the business of insurance in the State of Colorado.

8. Upon information and belief, mental health benefits under the Plan were at all relevant times administered by a third-party vendor or vendors. Plaintiff believes and is informed that the third-party vendor that processed the claims herein is known as Evernorth Behavioral Health, Inc. ("Evernorth").

9. Evernorth refers to itself as a "licensed utilization review agent."

10. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff. Cigna was the Plan's claim administrator. Cigna delegated certain mental health claims adjudication responsibility to Evernorth. This action involves mental health claims denied by the Plan's mental health claim administrator.

## FACTS

10. The Plan guarantees, warrants, and promises "Mental Health Services" for members and their beneficiaries, including but not limited to, health care services, mental health care, and treatment at issue herein.

11. J.S. is Christian S.'s son and was, at all relevant times, a beneficiary of the Plan.

12. At all relevant times, the Plan was in full force and effect.

13. The Plan guarantees, promises, and warrants benefits for medically necessary covered health care services.

14. The Plan defines "Medically Necessary" health care services as those that are: Health care services, supplies and medications provided for the purpose of preventing, evaluating, diagnosing or treating a Sickness, Injury, condition, disease or its symptoms, that are all of the following as determined by a Medical Director or Review Organization:

- required to diagnose or treat an illness, Injury, disease or its symptoms;
- in accordance with generally accepted standards of medical practice;
- clinically appropriate in terms of type, frequency, extent, site and duration;
- not primarily for the convenience of the patient, Physician or Other Health Professional;
- not more costly than an alternative service(s), medication(s) or supply(ies) that is at least as likely to produce equivalent therapeutic or diagnostic results with the same safety profile as to the prevention, evaluation, diagnosis or treatment of your Sickness, Injury, condition, disease or its symptoms; and
- rendered in the least intensive setting that is appropriate for the delivery of the services, supplies or medications.

15. The Plan provides coverage for Mental Health Inpatient services, which includes Acute Inpatient and Residential Treatment.

16. The Plan defines "Mental Health Residential Treatment Center" as "an institution which specialized in the treatment of psychological and social disturbances that are the result of Mental Health conditions; provides a subacute, structured, psychotherapeutic treatment program, under the

supervision of Physicians; provides 24-hour care, in which a person lives in an open setting; and is licensed in accordance with the laws of the appropriate legally authorized agency as a residential treatment center."

17. The Plan likewise provides coverage for Substance Use Disorder Inpatient services, which includes Acute Inpatient Detoxification, Acute Inpatient Rehabilitation and Residential Treatment.

18. The Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), 29 U.S.C. § 1185(a), specifically requires that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

19. MHPAEA prohibits group health plans from imposing treatment limitations on mental health or substance use disorder benefits that are more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits.

20. J.S. was diagnosed with, *inter alia*, Attention Deficit Hyperactivity Disorder, Persistent Depressive Disorder, Generalized Anxiety Disorder with social anxiety features, Cannabis Use Disorder, Alcohol Use Disorder, Stimulant Use Disorder, and Parent-Child Relational Problem.

21. J.S. experienced anxiety from a young age and was diagnosed with depression and ADHD in middle school.

22. J.S. began using nicotine and marijuana at a young age, and his substance use escalated to alcohol, cocaine, and other substances over time.

23. J.S. had a documented history of self-harm.

24. Despite ongoing treatment attempts, including hospitalization, medications, and therapy, J.S.'s symptoms persisted and worsened.

25. Approximately one week before his admission to residential treatment, J.S. overdosed on Xanax and alcohol.

26. As a result of J.S.'s ongoing symptoms, substance use, and dangerous behavior, his treatment providers recommended, as medically necessary, that he be treated in a long-term residential mental health treatment program.

### A. Cigna's Denial of J.S.'s Treatment at Elements Wilderness Program

27. At the recommendation of his treatment providers, J.S. was admitted to Elements Wilderness Program ("Elements").

28. Elements is an intermediate residential behavioral health treatment program located in Utah and licensed by the Utah Department of Human Services.

29. At all times relevant, J.S.'s treatment at Elements was medically necessary, based upon the reasoned medical opinions of his treaters.

30. Plaintiff filed claims for mental health benefits pursuant to the terms of the Plan for J.S.'s treatment at Elements.

31. Cigna declined to process the claims, indicating on the Explanation of Benefits ("EOBs") that its records did not reflect an authorization on file and that additional information from the health care provider was needed to review the claim for medical necessity.

32. Plaintiff filed a timely first-level appeal of Cigna's denial and non-payment of J.S.'s claims for treatment at Elements.

33. Cigna failed to timely make a claim determination and denied the claims on the basis that the treatment was experimental, investigational, and/or unproven.

34. Cigna's inconsistent claim denial rationale deprived Plaintiff of the full and fair review to which he was entitled under ERISA.

35. Plaintiff timely appealed Cigna's denial of J.S.'s treatment at Elements.

36. Cigna denied Plaintiff's appeal on the basis that Plaintiff's appeal was untimely.

37. J.S.'s services were medically necessary, and his treatment at Elements met all the requirements necessary for coverage under the Plan.

38. As a result of Cigna's denials, Plaintiff was forced to pay for J.S.'s care and treatment at Elements from his own personal funds.

**B. Cigna's Denial of J.S.'s Treatment at Crossroads Academy**

39. Following his treatment at Elements, and at the recommendation of his treatment providers, J.S. was admitted to Crossroads Academy.

40. Crossroads is a licensed residential treatment center in Utah that specializes in treating adolescent boys with a dual diagnosis of substance use and mental health disorders.

41. At all times relevant, J.S.'s treatment at Crossroads was medically necessary, based upon the reasoned medical opinions of his treating providers.

42. Plaintiff filed claims for J.S.'s treatment at Crossroads.

43. Cigna denied the claims on the basis that J.S.'s treatment was not medically necessary.

44. Plaintiff timely filed a first-level appeal of Cigna's denial of J.S.'s treatment at Crossroads.

45. Cigna upheld its denial of J.S.'s treatment at Crossroads, asserting that medical necessity was not met and relying on the MCG Behavioral Health Guidelines.

46. The MCG guidelines are unfair and biased against approving claims for residential treatment such as is at issue herein, and do not reflect reasonable standards in the medical community.

47. Cigna's denial of coverage for a subacute level of care based on the absence of acute symptoms demonstrating risk of serious harm violates generally accepted standards of care and the Plan terms.

48. Plaintiff timely requested an independent external review of Cigna's denial of J.S.'s treatment at Crossroads.

49. Cigna failed and refused to acknowledge, assign, or decide the external review within the time required.

50. Not only were Cigna's denials unreasonable in light of the obvious medical necessity for J.S.'s ongoing mental health care, but the denials also violated MHPAEA, which alone provided a basis for approving all the care for J.S. at issue herein.

51. J.S.'s services were medically necessary, and his treatment at Crossroads met all the requirements necessary for coverage under the Plan.

52. As a result of Cigna's denials, Plaintiff was forced to pay for J.S.'s care and treatment at Elements and Crossroads from his own personal funds.

53. Plaintiff has exhausted all administrative remedies regarding the denial of J.S.'s mental health benefits.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Recovery of Benefits Due Under an ERISA Benefit Plan (Against Cigna Health and Life Insurance Company; Musarubra US, LLC; Enforcement and Clarification of Rights, Prejudgment and Post-Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))

54. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

55. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

56. At all relevant times, Plaintiff and his son J.S. were insured under the health care plan at issue herein, and Plaintiff's son J.S. met the covered health services and medical necessity criteria for treatment required under the terms and conditions of the Plan.

57. By denying Plaintiff's mental health claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

58. The provisions of the ERISA plan should be construed so as to render non-nugatory and to avoid illusory promises.

## SECOND CLAIM FOR RELIEF

**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(Against Defendants Cigna Health and Life Insurance Company)**

59. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

60. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

61. Plaintiff asserts that a claim for benefits due under the Plan does not provide him with an adequate remedy at law in light of Defendants' continuing course of conduct in violating the terms of the Plan and applicable law as described below.

62. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

63. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

64. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

65. In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

66. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia*, the following:

A. Consciously, unreasonably, intentionally, and without justification, failing to address the points Plaintiff raised in his appeals, thereby denying Plaintiff the full and fair review required under ERISA;

B. Consciously, unreasonably, intentionally, and without justification, failing to engage in a meaningful dialogue as required by ERISA by shifting denial reasons throughout the administrative appeal process, and raising new and different denial rationales at each successive stage of the administrative appeal process;

C. Consciously, unreasonably, intentionally, and without justification, failing to provide a clear and consistent explanation of the actual basis for denying Plaintiff's claim and failing to identify the specific Plan provisions, clinical criteria, facts, and rationale supporting the denial;

D. Consciously, unreasonably, intentionally, and without justification, failing to decide Plaintiff's appeals and external review request within the timeframes required by the Plan and ERISA;

E. Consciously, unreasonably, intentionally, and without justification, applying medical management standards and/or level of care criteria in a manner that improperly required acute dangerousness or acute symptomatology to approve intermediate residential mental health treatment, despite Plan language covering residential treatment when the member requires 24-hour care but does not require acute inpatient care;

F. Consciously, unreasonably, intentionally, and without justification, violating the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), which specifically requires that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

G. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly

and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

H. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for mental health care benefits;

I. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants to maximize its own profits and minimize the benefits that it pays claimants;

J. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

K. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims.

67. As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants were not entitled.

68. Plaintiff further requests judgment including attorneys' fees and costs. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of J.S.'s treatment at Elements and Crossroads. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

## PRAYER FOR RELIEF

## AS TO ALL DEFENDANTS

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

69. Declare that Defendants, and/or each of them, violated the terms of the Plan by failing to provide mental health benefits;

70. Order Defendants, and/or each of them, to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

71. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

72. Order Defendants, and/or each of them, to cease using acute criteria to evaluate claims involving sub-acute mental health treatment;

73. Order that, to the extent Defendants use level of care guidelines to evaluate mental health claims, Defendants provide copies of the guidelines to all claimants whose claims are denied, along with the specific section(s) of the guidelines it relied upon;

74. Order that each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines. This includes, but is not limited to, any violation of ERISA §§ 404 and 406;

75. For appropriate equitable relief pursuant to 29 U.S.C. §§ 1132(a)(3), including but not limited to, a declaration of Plaintiff's rights to a full and fair review under ERISA, and a declaration of Plan participants' and beneficiaries' rights to a full and fair review;

76. For surcharge relief;

77. An injunction against further denial of Plaintiff's benefits pursuant to 29 U.S.C. §§ 1132(a)(3);

78. Provide such other relief as the Court deems equitable and just.

Respectfully submitted this 22nd day of September 2026 by:

McDERMOTT LAW, LLC

***s/ Shawn E. McDermott***

Shawn E. McDermott
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
*shawn@mcdermottlaw.net*
***Attorneys for Plaintiff***